UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL S. HOLDEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KELLEY HARRINGTON,<br><br>　　　　Respondent. | CASE NO. CV 10-3184-AHM (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION<br>SHOULD NOT BE DISMISSED |

On April 28, 2010, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 2008 state court convictions for lewd acts with a child under the age of 14. (Petition at 2.) In the Petition, he claims that he received ineffective assistance of counsel. (Petition, Attached Statement of Facts.)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant

has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

     In his Petition, Petitioner has checked the box indicating that he has raised his claims of ineffective assistance of counsel in a petition for review in the California Supreme Court. The state case number he gives (B206487), however, refers to an appeal filed in the California Court of Appeal. Further, a check of the California Appellate Courts' website does not show any filings from Petitioner in the California Supreme Court. Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner must first present his claims to the state supreme court, either through direct appeal or in a petition for habeas corpus, and have that court decide them on their merits before he can proceed in this Court.

1        IT IS THEREFORE ORDERED that, no later than May 31, 2010,
2   Petitioner shall inform the Court in writing why this case should not
3   be dismissed for failure to exhaust.  Failure to timely file a
4   response will result in a recommendation that this case be dismissed.

6        DATED:    May 3, 2010

8   _____
    PATRICK J. WALSH
9   UNITED STATES MAGISTRATE JUDGE

28  S:\PJW\Cases-State Habeas\HOLDEN, R 3184\OSC dismiss pet.wpd